JOANOS, Judge.
The parties were divorced in 1973 by a Tennessee decree. The decree, among other things, required William Malcolm Gaddy to pay $750.00 per month in alimony. In 1980, Nina R. Gaddy established the Tennessee decree in the circuit court for Duval County and that court found William to be delinquent in alimony payments in the amount of $6,250.00 and hospitalization insurance payments in the amount of $156.78. Appel-lee was ordered to pay $250.00 per month towards the alimony arrearage, and to reimburse Nina for the insurance payments.
William subsequently filed a motion for modification of the Tennessee decree, requesting a reduction in the amount of alimony and relief from the obligation of obtaining life insurance for the benefit of the appellant. Nina filed a reply denying the essential allegations of the motion and a *38 motion for affirmative relief asking the court to find the appellee in contempt. At the conclusion of the hearing on motions, the court found William in contempt and ordered him to pay $5,800 toward back alimony, reimburse the appellant for hospitalization premiums, and establish the appellant as beneficiary on certain life insurance policies. Permanent alimony payments were reduced from $750.00 to $400.00 per month. Nina was awarded $250.00 as a “contribution” toward her attorney’s fees.
Nina has appealed from that order challenging the reduction in alimony and the failure to order the full payment of her attorney’s fees. We affirm the trial court on both points.
While the evidence was conflicting and susceptible to different interpretations, we have concluded that there was sufficient evidence to support the trial court’s order.
Under Section 61.14, Florida Statutes (1979), the trial judge is authorized to modify alimony obligations when the circumstances of the parties have changed so as to require the modification. In addition, whether or not an alimony award should be modified is within the broad discretion of the trial judge. Feldman v. Feldman, 317 So.2d 136, 137 (Fla. 3d DCA 1975). The trial judge’s findings come to us clothed in the presumption of correctness.
The evidence received below reflects that Nina was not employed at the time of the divorce. She was employed full time at the time of the hearing. While she argues that her employment was anticipated at the time of the divorce, the evidence was that she worked part-time for about four years after the divorce and then became fully employed. There was evidence that both parties have accumulated assets during the past few years. As to William, it is clear that his income has increased. However, there was also evidence of increased indebtedness on his part and an increase in living expenses. Appellant argues that the indebtedness and expenses were due in large part to his remarriage and voluntary assumption of an unwarranted life style. Perhaps that was a possible conclusion. However, the trial judge did not accept appellant’s position and we cannot say that he erred. The evidence was sufficient for the trial judge to determine, as he did; that the required change of circumstances had occurred. After considering the ability to pay of William and the needs of Nina, he could find that a reduction in the amount of alimony was required.
We likewise have determined that the trial judge’s order regarding attorney’s fees is amply supported by the evidence.
AFFIRMED.
BEN C. WILLIS, Associate Judge, concurs.
SHAW, J., dissents with opinion.