PER CURIAM.
Yvonne Smith appeals the final judgment dissolving her seventeen (17) year marriage to William Smith. The judgment ordered the sale of the jointly-held marital home and equal division of the net proceeds between the husband and wife. They each received their personal effects and the vehicle they used. The wife was given no interest in any other marital property owned by the husband, nor was she given any portion of the husband’s pension plan which accrued, in major part, during the marriage. The wife’s income from two jobs was less than half the husband’s income from his job but she was denied any rehabilitative or permanent alimony. The final judgment did not account for certain funds apparently held by the husband in a bank account or certificates of deposit.
As we interpret the final judgment, it effectively awarded the wife nothing. As half-owner of the marital home before the dissolution proceedings were filed, she was entitled to half of the proceeds upon its sale. She received nothing by way of alimony or equitable distribution of the other marital assets. We agree with appellant that she was “short-changed” and the trial court abused its discretion in this instance. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Marcheret v. Marcheret, 498 So.2d 527 (Fla. 3d DCA 1986). The trial court was obliged to consider the vested pension funds as a marital asset in passing upon the wife’s entitlement to equitable distribution and alimony. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). The husband’s explanation of the disposition of such funds after he filed this dissolution action was not legally sufficient to excuse the court’s failure to treat those funds as marital assets. Additionally, the trial court failed to determine the value of all marital assets held in the husband’s name.
The judgment, therefore, is reversed and the cause is remanded with directions to reconsider appellant’s right to periodic or lump sum alimony and equitable distribution of the marital assets held in the husband’s name, and to fashion an equitable distribution scheme, including the award of permanent periodic alimony or lump sum alimony, or both, in the exercise of the court’s discretion.