559 So.2d 364 (1990)
Thomas W. PILL, Appellant,
v.
Wanda PILL, Appellee.
No. 89-1165.
District Court of Appeal of Florida, Fifth District.
April 5, 1990.
*365 F.W. Blankner of Beardall and Blankner, P.A., Orlando, for appellant.
Jack A. Nants, Orlando, for appellee.
HARRIS, Judge.
After a 22 year marriage, Thomas Pill and Wanda Pill were divorced in November, 1982. Thomas was ordered to pay $300 per month in permanent periodic alimony. In May, 1988, Thomas petitioned to terminate or reduce alimony on the ground that Wanda was now cohabiting with Guy and that this new living arrangement substantially contributed to her income.
Although not reflected on Wanda's financial affidavit, the record indicates that in addition to taking care of the lawn and pool and making repairs to the home Guy also pays $150 per week to Wanda. The court found that this additional income, some 47% of her reported net income (not to mention the in-kind services performed by Guy), was insufficient to warrant modification. We reverse.
Wanda's financial statement, even including a $100 per month contribution to her IRA, shows only a $200 per month deficit. If she included the income received from Guy, she would show a $400 per month surplus, a figure greater than her monthly alimony.[1] While Thomas's net weekly income has gone from $374 in 1982 to $588 in 1989 (an increase of 57%), Wanda's has gone from $195 in 1982 to $319 (not counting Guy's untaxed contribution of $150) in 1989 (an increase of 65%).
This matter is remanded for determination of the financial benefits derived from Wanda's relationship with Guy including in-kind services as well as a determination of the benefits derived by Guy from the relationship which are paid at least partially by Thomas and an appropriate adjustment to the alimony obligation of Thomas.
REMANDED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] Wanda contends that she did not report the income from Guy because it covered little more than their food expenses. Her financial statement, however, shows expenses of $350 and a portion of another $100 for "food" and "lunch". It appears that at a minimum she admits to receiving this amount of benefit from her relationship with Guy. If, in fact, Guy only contributes to the food, it may well be that he is being supported, at best partially, by Thomas's alimony payments. He benefits, for example, from Wanda's mortgage payments, gas, telephone and electric payments, water/sewer payments, yard spray, and cable TV. The trial court must take these benefits to Guy into account. Schneider v. Schneider, 467 So.2d 465 (Fla. 5th DCA 1985).