PATTERSON, Judge.
The wife appeals from a final judgment of dissolution of marriage. She contends the trial court erred in failing to award her permanent periodic alimony, the marital home as lump-sum alimony, and an interest in the husband’s business. We reverse.
The record reflects that the parties married in 1969 and separated in 1989. They had two children, who are now adults. The wife is forty-eight years of age and has limited employment skills. She is employed cleaning condominiums and earns between $7,000-$9,000 per year. The husband owns and operates an irrigation business and earns a salary of approximately $35,000 per year. The wife presented the testimony of a certified public accountant that the business paid the husband additional income in the form of personal expenses.
In a lengthy final judgment, the trial court distributed the various assets of the parties and reserved jurisdiction to consider alimony for the wife after the sale of the marital home. We are hampered in our consideration of this case because the court made no determination of the respective incomes of the parties nor did it identify the assets which are marital in nature. See Haas v. Haas, 552 So.2d 221 (Fla. 2d DCA 1989). Because our holding will require the trial court to reconsider its distribution scheme in its entirety, we limit our discussion to those matters in which error is apparent on the face of the record.
ALIMONY
The wife is clearly entitled to an award of alimony because of her age, her inability to support herself financially, and the length of the marriage. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Meachum v. Meachum, 580 So.2d 331 (Fla. 2d DCA 1991); Smith v. Smith, 537 So.2d 1021 (Fla. 3d DCA 1988). The form and amount of such alimony will be influenced by several factors. First, the husband suffers from Parkinson’s disease, which is worsening and adversely affects his ability to work. On remand, the trial court must consider the likelihood of the husband’s future ability to pay permanent periodic alimony if awarded. Since there is substantial equity in the marital home, the trial court may consider awarding all or part of the husband’s equity in the home to the wife as lump-sum alimony instead of awarding periodic alimony, or it may award a combination of both. See Fazli v. Fazli, 434 So.2d 1022 (Fla. 2d DCA 1983); Klein v. Klein, 413 So.2d 1297 (Fla. 4th DCA 1982). Second, at the time of trial, the wife was cohabiting with a boyfriend who contributed $300 per week to the maintenance of their joint household. It is proper for the trial court to consider such circumstances in determining the overall needs of the wife. See Pill v. Pill, 559 So.2d 364 (Fla. 5th DCA 1990); Schneider v. Schneider, 467 So.2d 465 (Fla. 5th DCA 1985); Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983). The trial court should thoroughly examine the issue of alimony in light of the underlying factors which may make an award of lump-sum alimony the more appropriate disposition.
DIVISION OF PROPERTY
The trial court awarded the husband the wife’s interest in his business without *49 assigning a value to the business. Therefore, we are unable to determine if the award was intended to offset in value an award of other property to the wife. The business is a marital asset subject to equitable distribution. Haas. On remand, the trial court must determine the value of the business and consider such value in the overall distribution plan.
During the course of the marriage the wife received, as a gift from her grandmother, 169 acres of vacant land in Georgia. The record does not reflect that the husband has any interest in that acreage or any other fact which would transform it into a marital asset. Yet, the trial court awarded the husband’s interest in the property to the wife, apparently to offset some award to the husband. Unless additional facts exist which do not appear in the record, the trial court should not include the value of this property in its equitable distribution.
The trial court specifically distributed the remaining assets of the parties, some of which are in dispute. Since the court is required to make a complete redetermination of the issue of equitable distribution, we do not find it necessary or appropriate to address each asset in isolation.
Reversed and remanded for further proceedings consistent with this opinion.
SCHOONOVER, C.J., and SCHEB, J., concur.