593 So.2d 1153 (1992)
Jerry Douglas SULLIVAN, Appellant,
v.
Diana Lee SULLIVAN, Appellee.
No. 90-0173.
District Court of Appeal of Florida, Fourth District.
February 12, 1992.
Bruce H. La Kam, Pompano Beach, for appellant.
Diana Lee Sullivan, pro se.
DOWNEY, Judge.
The appellant, Jerry Sullivan, appeals from an order adjudging him in contempt *1154 for failure to pay the alimony contained in the property settlement agreement which was incorporated into the final judgment of dissolution of marriage.
At the time of dissolution, appellant agreed to pay his wife $250 per week alimony. According to the record, he was then making approximately $1000 per week as a plasterer. He contends that he now takes home approximately $400 to $500 per week. The record indicates that his income has gradually diminished during the nearly four years since the termination of the marriage. The evidence adduced in support of the wife's motion for contempt and the husband's motion for modification reflects that the husband lives with a woman and her child in an apartment for which he pays the rent of $430 per month. He also pays $220 per month for food and he lists numerous other expenses. His "roommate" testified that she makes approximately $600 per week, which she commingles with the husband's income in a joint checking account. She also testified that she pays some of the expenses and has lent the husband substantial sums to meet his alimony obligations, particularly when he had been cited for contempt and jailed on a previous occasion.
Counsel for appellee, at a hearing for contempt in December, 1989, described the unilateral diminution of the weekly alimony payment since the dissolution judgment in this fashion:
We got payments of the correct amount of $250 a week for five weeks and then it dropped to a hundred and fifty for about eight or nine weeks and then to a hundred for four weeks and then to fifty... .
In her petition for contempt, filed November 1, 1989, appellee stated that the husband was in arrears again, this time in the amount of $2,400. She reiterated the terms of the separation and property settlement agreement (which was incorporated into the judgment of dissolution), and recited appellant's previous defaults and adjudication of contempt, which he ultimately had purged. She alleged that he was "still demonstrating, by his failure to pay the support award to the petitioner, his willful contempt of the Court's previous Orders in this matter... ." In his response, appellant admitted all of the foregoing allegations, but denied his ability to meet the mandate of the court.
The trial court found appellant to be in arrears in the amount of $3,250, which he willfully refused to pay; thus, he was in willful contempt. The court also found appellant was presently able to pay the total amount of the arrearage. Sentence of 179 days in the county jail in the event appellant failed to pay the arrearage by a date certain was imposed by the court. If incarcerated, appellant was able to purge by paying the full amount of the arrearage.
Appellant now contends that the evidence failed to justify an order of contempt; that the trial court's consideration of appellant's girl friend's income as contributing to his ability to pay was erroneous, as was the finding of his present ability to pay the amount of the purge.
Upon consideration of the record, we believe that there is adequate support for the adjudication of contempt. The court was justified in finding that appellant simply was not complying with the court's award to the best of his ability.
We have some difficulty with the trial court's treatment of the roommate's income as though it were appellant's. Even though appellant may be the beneficiary of her largess, since there is no legal obligation, we believe attribution to him is not allowable in this context. See Schneider v. Schneider, 348 So.2d 612 (Fla. 4th DCA 1977); Lau v. Lau, 407 So.2d 927 (Fla.3d DCA 1981); Harman v. Harman, 523 So.2d 187 (Fla.2d DCA 1988). Apropos of that problem, we find that the provision authorizing appellant to purge the contempt adjudication, by paying the full amount of the arrearage, to be tantamount to no purge provision because he can't pay it. It should be reduced to installments payable in addition to his current obligation.
Accordingly, we affirm the order appealed from in all respects except as to the purge provision and remand the cause to the trial court with directions to reconsider *1155 that provision in the light of the evidence and such further evidentiary offerings as the court and counsel may deem appropriate.
POLEN, J., concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I concur specially only to note that even though the roommate's income may not be treated as appellant's, her contribution remains relevant on the issue of his true expenses.