616 So.2d 607 (1993)
David J. McCALL, Appellant,
v.
Sally H. McCALL, Appellee.
No. 92-01401.
District Court of Appeal of Florida, Second District.
April 7, 1993.
Catherine W. Real, Muga & Real, P.A., Tampa, for appellant.
No appearance for appellee.
THREADGILL, Judge.
The former husband appeals from an order modifying a final judgment of dissolution of marriage. He raises three issues on appeal, however, we find merit in only one. We agree that the trial court erred in imputing income to the former husband from his live-in companion.
This action was commenced in the court below by the former wife filing a motion for contempt for failure to pay alimony and the former husband filing a petition to terminate alimony. Following an evidentiary hearing, the trial judge entered the order now on appeal, which adjudged the former husband to be in contempt and entered a money judgment against him for the alimony arrearage. Further, the court interpreted the former husband's petition to terminate alimony as a petition to reduce alimony and accordingly reduced the alimony payments from $250.00 per week to $600.00 per month.
In announcing his decision following the hearing, the trial judge imputed to the former husband $528.50 per month additional income. This amount was based upon contributions which the court found the live-in companion should be making toward their living expenses. The trial court added this imputed income to the $1,007.00 per month the former husband was receiving in social security disability benefits, thus attributing to the former husband a monthly income of $1,535.50.
Initially, we note that in determining a former spouse's ability to pay domestic support, it is improper for a trial court to treat the former spouse's roommate's *608 income as though it were the former spouse's. See Sullivan v. Sullivan, 593 So.2d 1153, 1154 (Fla. 4th DCA 1992). A trial court may, however, consider a roommate's contribution to living expenses as evidence of a former spouse's true expenses. 593 So.2d at 1155 (Stone, J., concurring specially). In the instant case, there was no evidence presented to establish what amount, if any, the live-in companion contributes to the former husband's living expenses. Instead, the trial court determined the amount of income to be imputed by dividing in half the living expenses claimed by the former husband. Because there is insufficient evidence in the record to support the trial court's finding, we reverse the award of alimony which was based upon imputed income and remand for the trial court to reconsider the husband's ability to pay. On remand, the trial court should consider any contributions to living expenses made by the live-in companion as evidence of the former husband's true expenses and not as income. See Harman v. Harman, 523 So.2d 187 (Fla. 2d DCA 1988); Montgomery v. Montgomery, 426 So.2d 1255 (Fla. 1st DCA 1983). In all other respects the order appealed from is affirmed.
Affirmed in part; reversed in part and remanded.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.