622 So.2d 622 (1993)
Sherry E. LONG, Appellant,
v.
Paul A. LONG, Appellee.
No. 92-03555.
District Court of Appeal of Florida, Second District.
August 13, 1993.
*623 Victoria M. Ho, Asbell, Hains, Doyle & Johnson, P.A., Naples, for appellant.
James A. Bonaquist, Jr., Monaco, Cardillo & Keith, P.A., Naples, for appellee.
THREADGILL, Judge.
Sherry E. Long appeals an order which modifies a final judgment of dissolution and terminates her right to periodic payments of alimony over ten years. The former husband Paul A. Long had petitioned for the modification. We reverse because the husband failed to establish a permanent, unanticipated, substantial change in the financial circumstances of either party.
The parties were married 24 years and had two children, ages 20 and 22, at the time of the dissolution. They divorced on July 11, 1988, after having entered into a marital settlement agreement on May 10, 1988. The agreement distributed the personal property of the marriage, charged both parties with the cost of their children's college education, and charged the wife only for the parties' consumer debt.
As to capital assets, the husband, 47 years old at the time of the dissolution, retained all his interest in the business known as Paul A. Long & Associates, in which he practiced as a marriage and family therapist. The wife was awarded the family home subject to a first mortgage and a $25,000 second mortgage given by the husband to secure his indebtedness to Dorie Weber. The deed to the home was to be held in escrow for the wife until the indebtedness to Dorie Weber had been paid, but in no event longer than seven years, at which time the deed to the house was to be delivered to the wife and recorded.
The wife was to receive as support $500 a month for ten years. Both parties waived permanent or temporary alimony in the event of dissolution other than as provided in the agreement.
Three years after the dissolution the husband sought a modification of the $500 monthly payment. As grounds he cited the increase in the wife's salary from $20,595 to $25,197, for cost of living and merit raises between 1988 and 1991. He also asked the court to impute an additional $400 a month income to the wife from her live-in companion plus $100 for the value of the companion's pool and lawn maintenance services. The husband further alleged that he lacked the financial ability to continue to pay the wife.
Although the trial court found that the husband had the ability to pay the monthly obligation, it terminated the payments on the ground that the wife no longer had need of them because of her increased income and contributions made by her live-in companion.
The wife appeals raising two grounds for reversal, one of which has *624 merit. We agree that there was insufficient evidence of a permanent, unanticipated substantial change in circumstances justifying the modification. See Cowie v. Cowie, 564 So.2d 533, 535 (Fla. 2d DCA 1990). The husband's burden in this modification proceeding is particularly heavy because he seeks to modify an award set by the court on the basis of the parties' agreement. Tinsely v. Tinsely, 502 So.2d 997, 998 (Fla. 2d DCA 1987).
Although there was evidence of an increase in the wife's salary, there was no evidence to show how much was due to merit and how much, to cost of living. The increase in the wife's income due to cost of living and merit raises could have been anticipated at the time of the agreement. Thus there was no competent, substantial evidence to show that the wife's salary increase constituted a substantial change in circumstances to justify a modification.
The husband argues, and the trial court agreed, that we should impute income from the live-in companion to the wife. There can be no modification of the support provision based on the companion's contributions because there was no evidence to show that they offset the wife's expenses. See McCall v. McCall, 616 So.2d 607, 608 (Fla. 2d DCA 1993). The wife's uncontradicted testimony was that the companion's monetary contributions barely cover his own groceries and share of the utilities. There was no evidence that the wife's expenses were reduced by the companion's maintaining the pool and lawn.
Even assuming that there was evidence to show a substantial change in circumstances to justify a modification, there was no evidence to show that the change was permanent. The voluntary contribution of a live-in companion cannot be equated with the legal obligation of a former spouse and, thus, one cannot be substituted for the other. Sullivan v. Sullivan, 593 So.2d 1153, 1154 (Fla. 4th DCA 1992). In the absence of a legally binding agreement between the wife and the live-in companion, there is no evidence to conclude that this economic change is necessarily permanent. See Townsend v. Townsend, 585 So.2d 468, 470 (Fla. 2d DCA 1991). In the event the companion moves out, the wife has no legal ground upon which to pursue his support. Nor will she have any recourse against the husband, the court having terminated her right to alimony.
We therefore reverse the order of modification and remand for reinstatement of the original final judgment of dissolution.
We find no merit in the wife's other point on appeal that the support payments of $500 per month are nonmodifiable property distributions.
Reversed and remanded.
DANAHY, A.C.J., and PARKER, J., concur.