696 So.2d 1338 (1997)
Larry Cecil SINGLETON, Appellant,
v.
Patricia Kay SINGLETON, Appellee.
No. 95-4326.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
Frank Joseph Heston and Jason E. Slatkin of Heston & Slatkin, P.A., Coral Springs, for appellant.
Christopher James Keith of Gustafson, Tilton, Henning & Metzger, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Contrary to section 61.075(3), Florida Statutes (1995), the final judgment in this case did not list the marital assets to be distributed, failed to include an "individual valuation of significant assets," and neglected to identify the assets awarded to the husband, other than to state that he was to receive "all other marital property." Without *1339 specific findings as to the value of marital assets, meaningful appellate review of an equitable distribution of property is impossible. Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994).
Similarly, the propriety of permanent alimony cannot be evaluated because the final judgment does not contain those findings of fact required by section 61.08(1), Florida Statutes (1995). See, e.g., Bomwell v. Bomwell, 676 So.2d 508 (Fla. 4th DCA 1996).
Finally, in setting guideline child support, the trial court included, without explanation, $2,466 per month of income attributable to the husband's girlfriend, with whom he lived at the time of the final hearing. Section 61.30(2)(a)13, Florida Statutes (1995), pertaining to the child support guidelines, provides that gross income "shall include ... [r]eimbursed expenses or in kind payments... to the extent that they reduce living expenses." See Cooper v. Kahn, 696 So.2d 1186 (Fla. 3d DCA 1997); Long v. Long, 622 So.2d 622, 624 (Fla. 2d DCA 1993); McCall v. McCall, 616 So.2d 607, 608 (Fla. 2d DCA 1993); Thalgott v. Thalgott, 571 So.2d 1368, 1370 n. 2 (Fla. 1st DCA 1990). Nothing in this record demonstrates that the girlfriend made any contributions to reduce the husband's expenses such that his income should be increased for the purpose of computing his child support obligation.
The husband testified that he paid his girlfriend $700 towards their household expenses. To arrive at the $2,466 figure that was added to the husband's employment income, the trial court apparently deducted the $700 amount, along with $241 in automobile expenses, from the $3,407 in total expenses listed on the husband's financial affidavit. The financial affidavit included expenses that had nothing to do with the shared living arrangement, such as a $612 mortgage on the marital home, $888 in child support and $216 in insurance costs. There was no evidence at trial that the girlfriend did anything to reduce these expenses.
The husband argues that Sullivan v. Sullivan, 593 So.2d 1153 (Fla. 4th DCA 1992), proscribes any use of his girlfriend's contributions to their joint lifestyle to increase his income for the purpose of computing his child support obligation. Sullivan`s holding was more narrow; in the context of a civil contempt proceeding, we held that in determining the husband's ability to pay a $3,250 purge amount, it was error to consider his roommate's income. We did not address how the roommate's contribution to the husband's living expenses might be included as "income" for the purpose of computing a child support obligation under section 61.30.
We reverse the final judgment and remand to the trial court to make the findings of fact required by Chapter 61. Also, the trial court shall reconsider the child support award without including the girlfriend's income, unless it finds that the girlfriend made contributions that reduced the husband's living expenses.
FARMER, STEVENSON and GROSS, JJ., concur.