WHATLEY, Judge.
Frances Kazymirczuk, the Wife, appeals an amended final judgment of dissolution of marriage. After the first final judgment was entered, the trial court granted the Wife’s motion for new trial. In its order granting a new trial, the trial court found that it was required to assign a value to the pension of Nicholas Kazymirczuk, the Husband, and it ordered the parties to present evidence of the value of the pension. The trial court also directed the parties to present evidence of the value of the marital home and the amount of the marital debt. However, in a pretrial order, the trial court limited the second trial to issues concerning the pension plan. On appeal, the Wife argues that it was error to limit the second trial and that the value assigned to the pension plan is erroneous. We affirm in part and reverse in part.
We agree with the Wife that the trial court erred in limiting the second hearing, because it was required to make specific findings regarding the marital liabilities. See Ritter v. Ritter, 690 So.2d 1372 (Fla. 2d DCA *143 1997). Section 61.08, Florida Statutes (1998), provides that in determining a proper award of alimony, the trial court must consider “the financial resources of each party, the non-marital and the marital assets and liabilities distributed to each.”
In the amended final judgment, the trial court found that the Wife was responsible for the liabilities in her name and the Husband was responsible for the liabilities in his name. The trial court found that the Husband’s ability to pay alimony was reduced because of his liabilities, and therefore, it reduced the amount of permanent alimony awarded to the Wife. However, the trial court made no findings regarding which liabilities were marital debt and which liabilities were nonmarital debt. It also made no findings regarding the amount of the Husband’s or the Wife’s debts. The Wife contends that a substantial amount of the Husband’s liabilities were acquired after the petition for dissolution was filed. In determining a proper award of alimony, the trial court was required to consider the marital and nonmari-tal debts of both parties. See § 61.08. We reverse the amended the final judgment and remand the case for the trial court to make specific findings regarding the marital and nonmarital debts of the parties in accordance with section 61.08. After making such findings, the trial court should again consider the amount of alimony awarded to determine if it is proper.
Regarding the value of the marital home, the trial court was presented with evidence of the value of the marital home at the first trial, and it made a finding regarding the value of the home. We conclude that the Wife had the opportunity to present evidence of the value of the home at the first trial, and she was not entitled to a second attempt to provide “more accurate” valuations of the home at a subsequent trial. Therefore, we affirm the trial court’s valuation of the marital home.
We further conclude that the trial court did not err in determining the value of the Husband’s pension. The Wife presented an expert who, in determining the value of the plan, assumed that the Husband would continue to work until retirement. In contrast, the Husband’s expert opined that the plan had a much lower value, because she assumed that the Husband stopped working on the day the petition for dissolution was filed. If the Husband retired early, the value of the pension would be lower because he would not receive the same percentage of his income. In addition, the years of service would not be as great.[1] The Husband also would not be able to begin collecting his pension, but would have to wait longer than the five years remaining until full retirement before receiving benefits. The trial court accepted the Husband’s valuation of the plan. To balance the assets of the parties, the trial court subtracted the Wife’s portion of the pension from the Husband’s equity in the marital home.
The Wife argues that it was error to accept the Husband’s valuation of his pension, because it assumed that he retired on the date the pension for dissolution was filed and the Husband continues to work. We disagree. In Boyett v. Boyett, 703 So.2d 451 (Fla.1997), the Florida Supreme Court addressed the deferred distribution method of determining interest in a pension plan. The deferred distribution method distributes pension benefits to both spouses upon retirement. Using this method, the supreme court held that it was more equitable to value the pension excluding any penalty for early retirement, and therefore, the trial court should not calculate the pension based on the assumption that the employee spouse retired on the date of dissolution. However, it noted that this issue is avoided if payment of the retirement asset is made at the time of dissolution, as in the present case. The court reasoned that when a spouse has to wait to receive their share of pension benefits, that spouse should be compensated by receiving their share without a penalty for early retirement. In the present case, the Wife received payment of the retirement assets immediately, because she was given the equity in the *144 marital home. Therefore, the trial court correctly calculated the value of the plan by assuming the Husband retired on the day the pension for dissolution was filed. We affirm the trial court’s valuation of the pension plan.
Affirmed in part and reversed and remanded in part.
ALTENBERND, A.C.J., and NORTHCUTT, J., concur.

. The Husband's pension plan is calculated by multiplying a certain percentage figure, which is higher if he works until retirement, by the number of years employed. This figure is then multiplied by the average of the three highest annual salaries received while employed.