STONE, J.
We reverse, in part, the final judgment of dissolution of marriage because the trial court’s findings do not support imputing income to the wife for her live-in .companion’s share of the rent and household expenses.
In determining the wife’s monthly income, the trial court imputed $950 per month from her live-in companion, Joseph Bartolotti. The $950 imputed income figure was based upon the court’s conclusion that this is the sum Bartolotti should be making towards the rent and household expenses.
We recognize that a trial court may consider the amount of income a cohabitant contributes when determining the overall needs of a spouse. See Walters v. Walters, 588 So.2d 47, 48 (Fla.2d DCA 1991). The relevant evidence and finding required, however, is of its application to the spouse’s expenses or income.
This court has addressed this issue in Singleton v. Singleton, 696 So.2d 1338 (Fla. 4th DCA 1997), wherein the trial court included, without explanation, income attributable to the husband’s girlfriend in setting his child support obligation. This court recognized that we must look to the record to determine whether a cohabitant living with the spouse at the time of the final hearing has an impact on income or expenses, saying: “Nothing in this record demonstrates that the girlfriend made any contributions to reduce the husband’s expenses such that his income should be increased for the purposes of computing his child support obligation.” Id. at 1339.
We also note that cohabitation alone cannot support a termination or reduction of alimony without a corresponding fact finding of change in circumstances concerning the spouse’s needs and finances. See Dibartolomeo v. Dibartolomeo, 679 So.2d 72, 73 (Fla. 4th DCA 1996). Although contributions made by a cohabitant may certainly be considered in modifying a former spouse’s income or expenses, the moving party in such circumstances is required to show that the cohabitant provides support to the former spouse or the former spouse contributes to the other’s support. See DePoorter v. DePoorter, 509 So.2d 1141, 1145 (Fla. 1st DCA 1987); see also Long v. Long, 622 So.2d 622 (Fla. 2d DCA 1993); McCall v. McCall, 616 So.2d 607 (Fla. 2d DCA 1993).
In this case, both the wife and Bar-tolotti testified that he does not pay rent or contribute to the household expenses. She explained that he contributes in other ways, such as providing protection against her husband and legal assistance. The wife’s testimony that rent and household expenses have not changed as a result of Bartolotti’s presence in the home is unre-futed.
Although the wife previously provided financial assistance to Bartolotti before he moved into her home, the record also reflects that he subsequently reimbursed her for this assistance. We note that the wife and Bartolotti also share a joint banking account; however, the evidence reflects that he only uses the account to cash checks that are made out to him. There is no evidence in the record to indicate that Bartolotti deposited any money into, or withdrew any sums from, the joint account.
We remand for the trial court to reconsider the alimony award, and any other awards that may be affected thereby. In doing so, the trial court shall not include the imputed figure, unless it finds from the record either that Bartolotti made contributions that reduced the wife’s living expenses, or the wife made contributions to support her live-in companion. As to all other issues raised, we affirm.
STEVENSON and SHAHOOD, JJ., concur.