WOLF, J.
Appellant raises two issues on appeal: Whether the trial court erred in its award of alimony, and whether the trial court erred by failing to identify and value the marital assets and liabilities of the parties. We find that the trial court’s failure to provide any meaningful findings to support the distribution of the parties’ property requires reversal. Athough the court made the statement that the personal property of the parties has been exchanged except for the two vehicles, the record demonstrates that there were several matters to be dealt with in distributing the parties’ personal property which were not addressed by the court: tangible personal property, each parties’ 401(K), four vehicles, and the indebtedness of both parties. The trial court’s lack of findings has made our review of appellant’s second issue impossible. See Shoffner v. Shoffner, 744 So.2d 1157 (Fla. 1st DCA 1999); Singleton v. Singleton, 696 So.2d 1338 (Fla. 4th DCA 1997); Viera v. Viera, 698 So.2d 1308 (Fla. 5th DCA 1997).
We remand for the trial court to reconsider the equitable distribution of property. We affirm as to appellee’s entitlement to alimony, but after reconsideration of the equitable distribution scheme, the amount of the award of alimony may also be reconsidered. See Kazymirczuk v. Kazymirczuk, 709 So.2d 142 (Fla. 2d DCA 1998). The trial court is directed to provide sufficient findings to support any findings and awards made pursuant to the proceedings on remand.
MINER and PADOVANO, JJ., concur.