NORTHCUTT, Judge.
When Jonathan and Felicia Morrell’s marriage was dissolved in 2005, the final judgment incorporated their agreement concerning permanent periodic alimony to be paid to Mrs. Morrell. In 2009, Mr. Morrell filed a supplemental petition to reduce his monthly alimony obligation, alleging a substantial decline in his income since the entry of the final judgment. Mrs. Morrell in turn sought to hold her former husband in contempt for failure to pay alimony, and she requested attorney’s fees for the court proceedings. The circuit court denied the supplemental petition and granted Mrs. Morrell’s motion for fees. Mr. Morrell challenges both rulings. ' Because the order granting fees did not establish the amount to be awarded, it is not final and not appealable at this time. See McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994). We dismiss the appeal as it. pertains to that order. But we reverse the denial of Mr. Morrell’s modification petition.
The circuit court’s order denying the modification contains a finding not supported by competent substantial evidence, i.e., that Mr. Morrell was in a “supportive relationship.” We note that, for purposes of the alimony statute, a supportive relationship refers- only to a payee’s relationship, not to a payor’s. See § 61.14(l)(b)(l), Fla. Stat; (2009) (providing that a court may reduce or terminate alimony if “a supportive relationship has existed between the obligee and a person with whom the obligee resides”). The statute recognizes that “relationships do exist that provide economic support equivalent to a marriage and that alimony terminable on remarriage may be reduced or terminated upon the establishment of equivalent equitable circumstances.” § 61.14(l)(b)(3). Thus, the “supportive relationship” concept is relevant only to the payee spouse’s need for alimony. See Baumann v. Baumann, 22 So.3d 719 (Fla. 2d DCA 2009) (discussing supportive relationships and the shifting burdens of proof concerning the recipient spouse’s needs once such a relationship is established).
That said, a live-in companion’s contributions to a party’s living expenses may be considered when assessing the party’s financial circumstances for purposes of support issues. See McCall v. McCall, 616 So.2d 607 (Fla. 2d DCA 1993). Here, however, there was no evidence that Mr. Morrell’s companion contributed to his living expenses.
Testimony at the hearing reflected that Mr. Morrell lived and worked in New York. He had a romantic relationship with a woman who lived in Florida. She purchased a two-family house in New York, which she jointly titled in his and her names for tax reasons. Mr. Morrell occupied one of the apartments in the house. He paid his friend rent in the same amount that the tenants paid for the other apartment, which was identical in size. Mr. Morrell’s companion visited him in New York and stayed in the house for approximately ten weeks, in 2010. But there was no proof that she in any way helped him with expenses. Indeed, the opposite was shown — he was paying her a *859 seemingly reasonable rent for his residence.
The parties’ financial affidavits showed that Mr. Morrell’s income had declined since the parties entered into the marital settlement agreement and that his expenses exceeded his income. Mrs. Mor-rell’s income, including alimony, appeared to exceed her expenses. We recognize that the circuit court did not ascribe to Mr. Morrell a specific financial benefit based on his relationship. But the court’s finding that he was in a supportive relationship strongly suggests that it factored the relationship into its decision to deny Mr. Morrell’s modification petition. That finding, even if it were appropriately applied to a payor spouse, was simply unsupported by the evidence. See Buxton v. Buxton, 963 So.2d 950, 954 (Fla. 2d DCA 2007) (noting that in determining whether a supportive relationship exists, prior case law concerning cohabitation is helpful, and in those cases the question of support turned on whether either cohabitant benefitted financially from the other’s contributions).
We are unable to discern the extent to which the circuit court’s inaccurate finding that Mr. Morrell was in a supportive relationship affected its assessment of his financial circumstances. Therefore, we reverse the order denying the modification petition, and we remand with instructions to reconsider the petition without regard to Mr. Morrell’s relationship. See McCall, 616 So.2d at 608.
Reversed and remanded with directions.
DAVIS and CRENSHAW, JJ., Concur.