DAVIS, Judge.
Charles P. Pisciotta, the Former Husband, challenges the trial court’s final judgment on his supplemental petition for termination of alimony and the order denying his motion for rehearing. We reverse the final judgment insofar as it awards an amount of alimony to the Former Wife that is beyond the Former Husband’s ability to pay.
The Former Husband’s motion to reduce the amount of alimony he was paying alleged that he had suffered a reduction in his income and that the Former Wife’s need had lessened as a result of her being in a supportive relationship with her boyfriend. Following an evidentiary hearing, the trial court found that the Former Wife is indeed in a supportive relationship and that such reduced her monthly need to $1000. The trial court also found that the Former Husband has a permanent reduction in income that is beyond his control. The trial court imputed minimum wage, or $1200 a month, to the Former Husband and ordered that he pay the Former Wife $1000 per month. The trial court, however, made no finding that the Former Husband has the ability to pay this amount.
Because this award leaves the Former Husband with $200 per month of imputed income on which to live, it amounts to an abuse of the trial court’s discretion. See Cook v. Cook, 574 So.2d 281, 282 (Fla. 2d DCA 1991) (concluding that support award which left former husband with $63 per week on which to support himself and no assets of his own upon which to draw was an abuse of discretion).
We note that the Former Wife argues that the Former Husband has a significant income source above minimum wage and that he is supported by a paramour. However, she has not appealed the amount of income imputed to the Former Husband or the determination that the Former Husband’s income was significantly reduced through no fault of his own. And because he is the former spouse ordered to pay alimony, the potential financial support of the Former Husband by his girlfriend is not a factor for the trial court’s consideration in setting the amount of the alimony award. See Morrell v. Morrell, 113 So.3d 857, 2012 WL 832729, *1 (Fla. 2d DCA 2012) (“[F]or purposes of the alimony statute, a supportive relationship refers only to a payee’s relationship not a payor’s.”).
Accordingly, we reverse the order and remand for the trial court to set an alimony amount in keeping with the Former Wife’s need and the Former Husband’s ability to pay and to include the necessary factual findings.[1]
Reversed and remanded.
VELLANTI and SLEET, JJ., Concur.

. The order on appeal sets forth no basis for the determination that the Former Wife’s need has been reduced to the amount of $1000 per month in alimony. On remand, it may be necessary for the trial court to make additional findings in this regard when recalculating the alimony award in light of the Former Husband's ability to pay.