IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STEPHEN J. MARTIN,

      Appellant,

 v.                                        Case No.  5D15-1942

KELLY L. ROBBINS A/K/A KELLY L. MARTIN,

      Appellee.

_____/

Opinion filed June 24, 2016

Appeal from the Circuit Court
for St. Johns County,
John M. Alexander, Judge.

Aaron M. Makofka, of Makofka &
Makofka, Jacksonville, for Appellant.

Valarie Linnen, Atlantic Beach, for
Appellee.

PER CURIAM.

Stephen J. Martin ("Former Husband") appeals the trial court's order approving the report and recommendation of the general magistrate, which denied his petition for modification of his alimony obligation regarding Kelly L. Robbins ("Former Wife"). We reverse and remand on the grounds that Former Wife entered into a supportive relationship with a man named Ron Carlson. Former Wife and Carlson held themselves

out to be a married couple, participated in a wedding ceremony, lived together for two and one-half years, and shared household finances.

A trial court may reduce or terminate an alimony award when a former spouse enters into a supportive relationship with an individual and resides with him or her. § 61.14(1)(b), Fla. Stat. (2015). Section 61.14, Florida Statutes (2015), sets out circumstances that a trial court shall weigh in making the determination as to whether a supportive relationship exists. Two factors are primarily at issue in this appeal:

> a. The extent to which the obligee and the other person have held themselves out as a married couple by engaging in conduct such as using the same last name, using a common mailing address, referring to each other in terms such as "my husband" or "my wife," or otherwise conducting themselves in a manner that evidences a permanent supportive relationship.
>
> . . . .
>
> d. The extent to which the obligee or the other person has supported the other, in whole or in part.

§ 61.14(1)(b)2.a., d., Fla. Stat. (2015).

First, Former Wife and Carlson held themselves out as a married couple. Photographs of the couple's elaborate wedding ceremony were entered into evidence, along with numerous postings on social media indicating that Former Wife and Carlson were in a loving, romantic relationship.

Second, Former Wife and Carlson did support each other, in whole or in part. Former Wife testified that she lived in Carlson's house, paid him rent, and performed odd jobs around the house such as cutting the grass, cleaning the pool, cleaning the house, decorating, and helping to renovate the kitchen. Her son and his girlfriend lived with them for approximately one year. Carlson owned the home and paid the utility bills. Because

both Former Wife and Carlson received financial benefits, their living situation is properly deemed a supportive relationship. See Pill v. Pill, 559 So. 2d 364, 365 (Fla. 5th DCA 1990); Schneider v. Schneider, 467 So. 2d 465, 466 (Fla. 5th DCA 1985); Buxton v. Buxton, 963 So. 2d 950, 955 (Fla. 2d DCA 2007).

We, therefore, conclude that the trial court erred in deciding that a supportive relationship did not exist and in denying the petition under review. Upon remand, the trial court should determine whether a reduction or termination of the alimony award is appropriate. See Linstroth v. Dorgan, 2 So. 3d 305, 308 (Fla. 4th DCA 2008).

REVERSED and REMANDED.

SAWAYA, COHEN and LAMBERT, JJ., concur.