DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHIRLEY A. O'BRIEN,**
Appellant,

v.

**EUGENE J. O'BRIEN,**
Appellee.

No. 4D2023-2446

[November 6, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher, Judge; L.T. Case No. 50-2015-DR-001496-XXXX-SB.

Catherine L. Roselli, Fort Lauderdale, for appellant.

Scott J. Brook and Elizabeth Fridman of Scott J. Brook, P.A., Coral Springs, for appellee.

**ON MOTION FOR REHEARING AND MOTION FOR WRITTEN OPINION**

PER CURIAM.

We grant appellant's motion for rehearing and motion for written opinion, withdraw our prior opinion, and substitute the following in its place.

Former wife challenges the trial court's final judgment terminating the former husband's alimony obligation to her. While we conclude that substantial competent evidence supports the trial court's determination that the former husband does not have the current ability to pay alimony, we reverse to the extent that the court failed to award nominal alimony.

The parties were divorced in 2016. In the final judgment, the court noted that the parties had lived a modest lifestyle, and they had lived rent-free in a home owned by the former husband's mother. As the former husband would remain in the house after the divorce, he did not have housing expenses and thus had an income surplus. The court awarded permanent alimony to the former wife.

Several years later, the mother decided to sell the house, requiring the former husband to seek other accommodations. With his mother's help, he purchased a home, but he had a mortgage and other expenses of ownership, which significantly added to his expenses. He petitioned to terminate his alimony expenses because of this substantial change of circumstances.

After a trial at which only the former husband testified, the trial court granted termination. The court presented a detailed review of the former husband's finances and concluded that all the former husband's expenses were reasonable, particularly because no other evidence showed his expenses were not reasonable. Although the former husband's income had increased, his expenses increased substantially more, and he had a monthly deficit of $2,799 per month, not including the alimony payment. Even excluding legal fees and charitable contributions which the former husband was paying on a monthly basis, he would still have a deficit. While the former husband had a live-in companion, she did not contribute to any of the expenses on the financial statement. The former wife claimed that the sale of the marital home and purchase of the new home with a mortgage owed to the mother was a sham, but the trial court rejected the claim, stating "suspicion of motivations or beliefs of nefarious actions must be established by evidence." The trial court concluded that the former husband did not have the ability to pay alimony and granted termination.

"We employ a mixed standard of review of an order modifying alimony. 'The trial court's legal conclusions are reviewed de novo. The trial court's factual findings are reviewed for [an] abuse of discretion . . . .'" *Nangle v. Nangle*, 286 So. 3d 377, 379 (Fla. 4th DCA 2019) (alteration in original) (internal citations omitted) (quoting *Bauchman v. Bauchman*, 253 So. 3d 1143, 1146 (Fla. 4th DCA 2018)).

"To modify alimony, the movant must show: 1) a substantial change of circumstances; 2) that the change was not contemplated at the time of the final judgment; and 3) that the change is sufficient, material, involuntary, and permanent in nature." *Nangle*, 286 So. 3d at 379; *see also* § 61.14(1)(a), Fla. Stat. (2023) (providing that a court may modify a spousal support obligation "retroactively to the date of the filing of the action or supplemental action for modification as equity requires, giving due regard to the changed circumstances or the financial ability of the parties"). Additionally, "to *terminate* permanent periodic alimony, 'the complaining party must allege that he or she is no longer able to pay *any* amount of alimony or that the recipient is able to support himself or herself through his or her own efforts and resources.'" *Suarez v. Sanchez*, 43 So. 3d 118,

121 (Fla. 3d DCA 2010) (quoting *McManus v. McManus*, 638 So. 2d 1051, 1052 (Fla. 2d DCA 1994)).

The trial court did not abuse its discretion in finding that the former husband showed a substantial change in circumstances, as his expenses had increased significantly more than his income had increased, leaving him with a substantial deficit. *See Gaddy v. Gaddy*, 415 So. 2d 37, 38 (Fla. 1st DCA 1982) (affirming reduction of alimony obligation, where payor spouse's income increased but his living expenses increased as well). This change was not contemplated at the time of the final judgment, because the judgment was expressly based upon the former husband continuing to live rent-free in the home owned by his mother, which was no longer the case. Further, the former husband would have a deficit even if the voluntary payments, such as legal expenses and charitable contributions, were eliminated. *See, e.g., Hahn v. Hahn*, 66 So. 3d 345 (Fla. 4th DCA 2011) (reversing reduction of alimony to either eliminate his alimony or reduce it to a nominal amount to retain jurisdiction over the matter, finding that even if the former husband eliminated some expenses he would still be at a monthly deficit). Thus, competent substantial evidence supports the trial court's conclusion that the former husband's current inability to pay was not voluntary and that the reduction was permanent based upon the increased living expenses.

The former wife also argues that the former husband's inability to pay alimony is voluntary, because he is supporting his new partner and not requiring her to contribute to his expenses even though she earns income. However, "for purposes of the alimony statute, a supportive relationship refers only to a payee's relationship, not to a payor's." *Morell v. Morell*, 113 So. 3d 857, 858 (Fla. 2d DCA 2012); *see also Pisciotta v. Pisciotta*, 114 So. 3d 1088, 1089 (Fla. 2d DCA 2013) ("[B]ecause he is the former spouse ordered to pay alimony, the potential financial support of the Former Husband by his girlfriend is not a factor for the trial court's consideration in setting the amount of the alimony award."); *Schmidt v. Schmidt*, 373 So. 3d 645, 650 (Fla. 5th DCA 2023) (holding that trial court erred in imputing to former husband the income of his live-in girlfriend).

As the Second District noted in *Morrell*: "[A] live-in companion's contributions to a party's living expenses may be considered when assessing the party's financial circumstances for purposes of support issues . . . . [H]owever, there was no evidence that [the former husband's] companion contributed to his living expenses." 113 So. 3d at 858 (internal citation omitted). Similarly, in this case, no evidence showed that the former husband's partner was contributing to his living expenses. The former husband testified that his new partner pays her own expenses,

including food. No evidence demonstrated that the former husband's expenses for the home, which he solely owns, were increased because of his new partner's presence. Thus, apportioning some of the home expenses to the partner and treating it as income to the former husband is not supported by the evidence. *See, e.g., McCall v. McCall*, 616 So. 2d 607, 608 (Fla. 2d DCA 1993).

The trial court's determination that the former husband does not have the ability to pay alimony is supported by competent substantial evidence. On this record, which is limited to the testimony of the husband, the court did not abuse its discretion by eliminating his alimony payment. However, the former wife contends that the court abused its discretion in failing to award at least nominal alimony. The court did not discuss nominal alimony, even though the former husband suggested reduction to a nominal amount in closing argument.

> The rule, generally, is that where there is a likelihood of a change in circumstances in the future that would warrant an award of alimony, the court should retain jurisdiction. *Reed v. Reed*, 244 So. 2d 449 (Fla. 1st DCA 1971); *Roberts v. Roberts*, 283 So. 2d 396 (Fla. 1st DCA 1973); *Mumm v. Mumm*, 353 So. 2d 134 (Fla. 3[d] DCA 1977); *Hunt v. Hunt*, 394 So. 2d 564 (Fla. 5th DCA 1981). While the burden of persuasion as to retention of jurisdiction would be on the party seeking alimony in a dissolution proceeding, because of the res judicata effect of a final judgment awarding permanent periodic alimony, **the burden of persuasion would be upon the other party in a modification proceeding to show the absence of any basis for retention of jurisdiction for a future award of alimony**.

*Brown v. Brown*, 440 So. 2d 16, 19 (Fla. 1st DCA 1983) (emphasis supplied) (footnote omitted). The former husband failed to carry that burden in this case. Indeed, the evidence did not show that he had no future prospects of either increased income or reduced expenses. The offered evidence suggested the opposite: he did receive raises in his employment, and debts would be paid off. The trial court abused its discretion in failing to award nominal alimony.

For the foregoing reasons, we conclude the trial court did not abuse its discretion in granting the former husband's petition for modification. However, we reverse the judgment with instructions that the trial court should award nominal permanent alimony to the former wife.

*Affirmed in part, reversed in part.*

WARNER, CIKLIN and LEVINE, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**