658 So.2d 1146 (1995)
James C. LEDBETTER, Appellant,
v.
Kathi B. BELL, f/k/a Kathi B. Ledbetter, Appellee.
No. 94-1290.
District Court of Appeal of Florida, Fourth District.
August 2, 1995.
Rehearing Denied September 8, 1995.
*1147 Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellant.
Peter Ticktin and Caron Speas, Boca Raton, for appellee.
STEVENSON, Judge.
This is an appeal from an order modifying child support where the trial court imputed income to the former husband and upwardly increased the previous child support award. Because the final order failed to contain adequate findings of fact, we reverse.
The appellant argues that the trial court improperly imputed income to the husband for purposes of determining the amount of child support. First, appellant argues that the trial court failed to set forth the amount of income imputed and the source of that income. Secondly, appellant argues that the trial court erred in imputing any income at all, because the former husband, a medical doctor presently involved in a two year fellowship program, is not voluntarily underemployed within the meaning of section 61.30(2)(b), Florida Statutes (1993).
The parties were married on January 1, 1979 and had two children, Caroline and Sara, born in 1981 and 1984 respectively. The parties were divorced in October, 1987. The Final Judgment of Dissolution left the children in the primary care of the former wife and required the husband to pay $50.00 per child per month as child support. The seemingly low child support award was based upon the fact that the former husband was a full-time medical student and the court had reserved jurisdiction to revisit the order at such time as the former husband's income increased. Upon graduation, the former husband voluntarily increased his child support payments whenever his earnings increased and calculated those increases based upon the Florida support guidelines. He was paying $700 per month as child support in 1992 and then in 1993, when his earnings decreased, he paid $600 per month in child support. At that time, the former wife filed a motion to modify child support, which the trial court granted, leading to this appeal.
The testimony at the final hearing revealed that after the former husband's graduation from medical school in 1988, he performed and completed a residency in pediatrics in 1991. Following, he spent two years in the United States Air Force until his honorable discharge in 1993. At that time, he was earning approximately $49,000 per year and if he had remained in the service he would have been earning approximately $55,000 per year at the time of trial. Upon leaving the Air Force, the former husband enrolled in a two year fellowship program at the University of Colorado Health Science Center in July of 1993, where he earns approximately $32,000 per year. The fellowship program is designed to lead to the former husband's specialization in developmental and behavioral pediatrics. In addition to testimony concerning the former husband's actual salary, there was evidence presented at the final hearing indicating that experienced pediatricians may earn approximately $80,000 per year.
In the final order, the trial court found that the former husband is capable of earning "large sums of money, as a medical doctor, in the speciality field of a pediatrician." The court then went on to order an amount of child support which far exceeded that which would ordinarily be calculated on the husband's actual salary of $32,000. We agree with appellant and find that the trial court erred in failing to include express findings in the final order concerning the amount of income imputed to the father. See Viscito v. Menditto, 644 So.2d 135 (Fla. 4th DCA 1994); Woodard v. Woodard, 634 So.2d 782 (Fla. 5th DCA 1994); Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993); Levine v. Best, 595 So.2d 278 (Fla. 3d DCA 1992). Therefore, we must remand this case back to the trial court so that the proper findings may be included in the final judgment.
We reject appellant's argument that the trial court is precluded from imputing income to the father in light of his participation in an educational enhancement program designed to increase his earning potential and professional status. We agree with cases such as Arce v. Arce, 566 So.2d 1308 (Fla. 3d DCA 1990), cited by the former *1148 husband, which have held that a supporting parent or spouse that participates in a program designed to further their education or otherwise provide advanced training, may be temporarily excused from having the income which they are capable of earning imputed to them. However, the privilege of participating in a career enhancement program without the imputation of income is not absolute and the trial court must exercise its discretion in light of the unique facts present in each case.
We hold that where a supporting parent or former spouse decides to forego a present higher salary to pursue career enhancing training and education at a lower salary, the trial court must decide whether the payor is "voluntarily underemployed," within the meaning of section 61.30(2)(b), Florida Statutes. In making this decision, the trial court must determine (1) whether the reduction in income is in good faith and reasonably calculated to ensure the future economic well-being of both the payor and the persons to whom a duty of support is owed and (2) whether participation in the program is reasonable, in view of the amount of money the supporting spouse will earn during the reduction and the effect thereof on his or her ability to meet the current support needs of the spouse or dependent children. Simply put, the trial court must balance the needs and desires of the supporting parent to enhance his or her career against the current needs of the former spouse or minor children for support.
In the present case, we cannot determine from the final order whether the trial court considered the above criteria in determining to impute income to appellant during the time that he will be in the fellowship program. Therefore, we must remand this case back to the trial court for the additional purpose of including findings of fact in the final order with regard to the husband's decision to forego a present higher salary, in pursuit of his chosen specialty.
Accordingly, we vacate the final order of modification and remand to the trial court for a new order which contains the appropriate findings of fact as discussed herein.
Reversed and remanded.
POLEN, J., and SCHAPIRO, SHELDON M., Associate Judge, concur.