670 So.2d 69 (1995)
Jean M. AROUZA, Appellant,
v.
Goldin C. AROUZA, Appellee.
No. 92-2675.
District Court of Appeal of Florida, Third District.
December 6, 1995.
Rehearing Denied April 10, 1996.
Joe N. Unger; Caruana, Gordon and Langan, Miami, for appellant.
Elser, Greene & Hodor, Miami, for appellee.
Before BASKIN, COPE and LEVY, JJ.
PER CURIAM.
A former wife appeals an order awarding attorney's fees to her former husband. We affirm because we find that the record supports the trial court's conclusion that the former wife has the ability to pay the attorney's fee award.
The underlying suit involved several post-dissolution of marriage issues, including disputes over child visitation and child support, between a former wife, Jean M. Arouza (hereinafter "former wife"), appellant herein, and her former husband, Goldin C. Arouza (hereinafter "former husband"), appellee herein. Following extensive litigation, both parties moved for attorney's fees. The trial court held an evidentiary hearing and granted the former husband's motion for fees, finding that the former wife's misconduct throughout the litigation, coupled with her demonstrated ability to pay the fee award, justified the award of fees to the former husband. The former wife now appeals the order awarding attorney's fees to the former husband.
The former wife contends, among other things, that the trial court's award of attorney's *70 fees must be reversed because the trial judge improperly considered her fiance's income in calculating her ability to pay the fee award. In particular, the former wife asserts that the trial judge erroneously imputed income to her based on her fiance's financial status. We disagree. Instead, we find that a review of the trial court's order, when read in its entirety, does not lead to such a conclusion.
Specifically, in speaking on its rationale for awarding fees to the former husband and on the former wife's ability to pay, the trial court provided as follows:
1. As more fully set forth in this Court's Order on Pending Motions dated April 9, 1991, the expensive and protracted litigation in this case arose as a result of the Former Wife's intentional, willful and malicious alienation of the Parties' minor child from the Former Husband with the goal of destroying any relationship that the minor child and the Former Husband might have with one another....
2. [S]ufficient evidence was presented to the Trial Court establishing that the Former Wife has the ability or will have a future capacity to pay attorney's fees and that, in fact, her own substantial attorney's fees were paid by a close male friend who this Court has previously found may have encouraged the Former Wife's willful misconduct and the Former Husband's resulting liability for attorney's fees. The Court has also considered that the Former Wife's male friend supports her in an extravagant lifestyle which obviates the necessity for her to become employed.

(Judgment Awarding Former Husband Attorney's Fees, November 10, 1992) (emphasis added). The former wife relies on the second quoted paragraph in advancing her argument that the trial court improperly focused on her fiance's financial well-being in determining that she was able to pay the fee award. However, in our view, the aforementioned excerpts contain the critical language which clearly supports the trial court's ruling.
It is evident from the above-quoted language that the trial court, in awarding fees to the former husband, relied heavily on its finding that the protracted litigation stemmed from the former wife's willful and malicious misconduct throughout the litigation. With respect to the former wife's fiance, the court merely noted that the conduct of the former wife's fiance, in supporting the former wife in an extravagant lifestyle and in paying for her attorney's fees, facilitated the former wife's decision to quit her job and, furthermore, actually helped to support the former wife's willful misconduct. In fact, in its order, the court in no way indicated, or even suggested, that it was taking the fiance's income into account. Accordingly, pursuant to our review of the record, we find that the trial court did not factor in the fiance's income when determining the former wife's ability to pay.
It is well established that a court may not impute an ability to pay based upon the income of a former spouse's cohabitant. See Long v. Long, 622 So.2d 622 (Fla. 2d DCA 1993); McCall v. McCall, 616 So.2d 607 (Fla. 2d DCA 1993); Sullivan v. Sullivan, 593 So.2d 1153 (Fla. 4th DCA 1992). However, attorney's fees may be assessed in domestic cases against a party who initiates a baseless cause of action which results in meritless litigation and the unnecessary expenditure of fees, Nash v. Nash, 624 So.2d 370 (Fla. 3d DCA 1993); Ugarte v. Ugarte, 608 So.2d 838 (Fla. 3d DCA 1992), cause dismissed, 617 So.2d 322 (Fla.1993); Sutter v. Sutter, 578 So.2d 788 (Fla. 4th DCA 1991); Elenewski v. Elenewski, 528 So.2d 1354 (Fla. 3d DCA 1988), provided that "such an award is limited, as in the usual domestic situation, by that party's financial ability to respond." Elenewski, 528 So.2d at 1355; accord Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA), review denied, 536 So.2d 243 (Fla.1988).
In the instant case, in establishing the former wife's ability to pay, the trial court imputed income to the former wife based upon the court's accurate finding that the former wife was voluntarily unemployed. In concluding that the former wife was voluntarily unemployed, the court merely noted the obvious; to wit, that her need to work was "obviated" by her fiance's support. As the trial court correctly found, the record *71 reflects that the former wife was employed and self-supporting before she decided to quit her job and be supported by her fiance. Consequently, although the former wife has the ability to earn an income, she has voluntarily decided to remain unemployed. It is well settled that a trial court, who has made a finding that a party is voluntarily unemployed or underemployed, may properly impute income to that party based upon that party's demonstrated earning capacity. See Polley v. Polley, 588 So.2d 638 (Fla. 3d DCA 1991); Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989); Bradley v. Bradley, 347 So.2d 789 (Fla. 3d DCA 1977). That is exactly what the trial court has done here.
Accordingly, having found that the record contains ample evidence to support the trial court's decision to impute income to the former wife, and to support the trial court's finding regarding the former wife's ability to pay the fee awarded, we affirm the court's order awarding fees to the former husband in all respects.
Affirmed.
COPE and LEVY, JJ., concur.
COPE, Judge (specially concurring).
I concur, on the understanding that this affirmance is without prejudice to the appellant former wife's right to appeal at such time as a specific payment schedule is set.
In this case the trial court assessed attorney's fees against the former wife in the amount of $45,050. The court found that the "Former Wife has the ability or will have a future ability to pay attorney's fees...." Order at 2. The court reserved jurisdiction "to enforce the terms of this Order, including the jurisdiction to compel installment payments of these fees in the event the Former Wife does not pay same in full forthwith." Order at 3.
At this juncture the trial court has found that the Former Wife is capable of gainful employment and is voluntarily unemployed. The court has stopped short, however, of setting a specific payment schedule. Implicit in this reservation of jurisdiction is the assumption that while the former wife will be able to pay the award over a period of time in accordance with a payment schedule, the former wife may or may not have the immediate ability to pay the entire sum.
Under the circumstances, I concur that affirmance of the judgment is in order. However, I would point out that this ruling is necessarily without prejudice to the former wife to seek review at such time as a payment schedule is set, if at that time the former wife disputes her ability to pay the specific amounts set in the court-ordered payment schedule.[*]
BASKIN, Judge (dissenting).
I am unable to agree with the majority opinion. I would reverse and remand for further proceedings.
First, the majority improperly affirms an award to the former husband of $45,050 in attorney's fees based on imputation of income absent findings as to the source or amount of such income. It is well-settled law that the trial court's failure to set forth the requisite findings precludes affirmance of the award. Thilem v. Thilem, 662 So.2d 1314 (Fla. 3d DCA 1995), and cited cases. "[A] finding of voluntary unemployment or underemployment must be supported by specific findings of the amount of income to be imputed and the basis for determining such amount." Chapoteau v. Chapoteau, 659 So.2d 1381, 1385 (Fla. 3d DCA 1995). Thus, the absence of those findings mandates reversal. Thilem, and cited cases.
Second, the trial court erred in determining that the former wife had the ability to pay the fee award based on a speculative future event, i.e., the successful completion of her education. At the outset, it must be noted that the order is defective. The order provides that "the Former Wife has the ability to pay or will have a future capacity to pay attorney's fees...." (emphasis supplied). Thus, the court sidestepped the issue whether *72 she has the ability to pay the award. Although the court must consider numerous factors in determining whether to award fees in cases involving bad faith dissolution litigation, Thornton v. Byrnes, 537 So.2d 1088 (Fla. 3d DCA 1989); Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA), review denied, 536 So.2d 243 (Fla.1988), when the court is determining the amount that the miscreant must pay the sole inquiry is `present' ability to pay. Ugarte v. Ugarte, 608 So.2d 838, 841 (Fla. 3d DCA 1992) (citing Martinez-Cid v. Martinez-Cid, 559 So.2d 1177, 1178 (Fla. 3d DCA 1990) (husband must pay the wife's fees because "the husband ... is employed and has the present ability to pay." (e.s.)), cause dismissed, 617 So.2d 322 (Fla.1993); Sutter v. Sutter, 578 So.2d 788, 789 (Fla. 4th DCA 1991) ("[W]e are compelled to the conclusion that notwithstanding the former wife's responsibility for the payment of attorney's fees because of litigiousness, the amount of attorney's fees thus awarded was disproportionate to her ability to pay."). The court must award an amount based on the party's ability to pay as demonstrated by the evidence of the party's present, not speculative future ability to pay. Mishoe v. Mishoe, 591 So.2d 1100, 1101 (Fla. 1st DCA 1992) ("The critical inquiry under section 61.16 Florida Statutes (1989), is the parties' relative ability at the time of the proceeding in question.").
Moreover, although the court may permit a party to pay the award in installments, the present ability to pay determines the award amount. For example, in Creel v. Creel, 568 So.2d 942, 944 (Fla. 3d DCA 1990), this court reversed "the portion of the judgment [awarding, inter alia, attorney's fees] which requires the husband to make full payment within approximately thirty days and remand to the trial court for a determination of whether the husband has the ability to pay the full amount due within that period. If the trial court determines that the husband does not have the ability, the trial court is ordered to fix a payment schedule according to the former husband's present ability to pay." (e.s.). Thus, although the party may not be able to pay the full amount at once and the court may permit the party to remit installment payments, the award remains based on present ability to pay not based on a speculative future event, i.e. completion of schooling and obtaining employment. Sutter, 578 So.2d at 789 ("[T]he former wife does have income and other assets which, given a reasonable period of time, would permit her to pay attorney's fees to the former husband.") (e.s.).
Third, in light of the former wife's status as a student, the majority improperly affirms the trial court's finding that she is voluntarily unemployed. The record demonstrates that the former wife left her prior employment in order to further her education and to obtain a higher paying position. In Arce v. Arce, 566 So.2d 1308, 1311 (Fla. 3d DCA 1990), this court held that "a spouse who suffers a temporary reduction in income to complete [her] education has not voluntarily reduced [her] income." The Arce court also stated that a spouse who furthers her education in good faith and to ensure the future well being of the person to whom she "owes a duty of support may be temporarily excused from having attributed to [her] the income which [she] is capable of earning...." Arce, 566 So.2d at 1312. The former wife, who has a minor child, testified that she is attending school in order to become an accountant and to increase her earning ability. Therefore, the trial court erred in imputing income to the former wife based on her ability to earn without regard to her student status.[**]Sotnick v. Sotnick, 650 So.2d 157 (Fla. 3d DCA 1995); Milligan v. Addison, 582 So.2d 769 (Fla. 3d DCA 1991); Arce, 566 So.2d at 1311.
Finally, contrary to the majority's assertion, the trial court did not "merely note[]," op. at 70, the fiance's participation in this case. Rather, the record clearly indicates *73 that the court did "factor in the fiance's income when determining the former wife's ability to pay." Op. at 70. In finding that the wife has or will have the ability to pay the fees, the trial court stated "in fact, her own substantial attorney's fees were paid by a close male friend.... [and t]he court has also considered the Former Wife's male friend supports her in an extravagant lifestyle which obviates the necessity for her to become employed." Thus, the court's order expressly refutes the majority's conclusion that "the court in no way indicated, or even suggested, that it was taking the fiance's income into account." In light of the record evidence that former wife earned only $8-$10 per hour at her former job, it is difficult to discern how the trial court found that she had the ability to pay $45,050 in fees absent consideration of her male friend's financial wealth. Thus, it is clear that the trial court was basing the award, at least in part, on a non-party's assets.
For the foregoing reasons, I would reverse the order and remand for further proceedings.
NOTES
[*] There is an indication in the record that the wife is currently a student. Assuming that is so, the creation of a payment schedule should take into account the considerations outlined in Sotnick v. Sotnick, 650 So.2d 157 (Fla. 3d DCA 1995), and Arce v. Arce, 566 So.2d 1308 (Fla. 3d DCA 1990).
[**] The concurrence misplaces its reliance on Sotnick, 650 So.2d at 157, and Arce, 566 So.2d at 1308. Slip op. at 71, n. *. Those cases do not provide for installment payments based on the spouse's ability to earn when she has successfully completed her education. Instead, Arce, and its progeny, permit the trial court "to fashion a schedule of payments that will take into account the needs of the family and the current ability of the [spouse] to pay, allowing for future actions for modification once the spouse has realized the higher earning capacity." Arce, 566 So.2d at 1312.