HARRIS, Judge.
In this relatively short term marriage, appellant was required to pay permanent alimony of $500 per month and, insofar as the judgment is concerned, any amount for health insurance for appellee that is “reasonable.” In addition, as part of the distribution of assets, appellant was required to pay ap-pellee $326.75 per month on a mortgage.
The final judgment indicates that appellant’s income is $2,138.84 per month which consists of disability benefits, income from pension and annuity funds, and social security. Appellee, on the other hand, voluntarily gave up employment at some point during the marriage even though qualified and licensed[1] to work in the medical field. Although asserting some medical problems, ap-pellee testified as to an ability to work three days a week. The testimony at trial was that appellee could expect to earn $15 an hour. Even if appellee worked only eight hours per day, three days per week at $15 per hour, appellee’s income, together with the mortgage payment, would exceed appellant’s income.
*37 The trial court granted permanent alimony, finding that the appellee “may have some physical limitations on [appellee’s] ability to obtain full time employment.” The court did not consider the possibility of part-time employment, nor did it explain why an able-bodied person who has the ability to work should not do so in order to contribute to their own support or help support those depending upon them. The evidence is unre-butted that appellee is “able-bodied,” at least to the extent of working three days per week. The very concept of imputed income is to require those who are able to do so to contribute to their support or to the support of those for whom they are responsible. For example, see Arouza v. Arouza, 670 So.2d 69 (Fla. 3d DCA 1995).
We reverse for the trial court to determine whether income for part-time work should be imputed to appellee and, if so, how much. Based on this determination, the court should reconsider whether to require appellant to provide insurance coverage for appellee. If such coverage is required of appellant, then the court should set a maximum amount for this expense that is within the ability of appellant to pay. See Oh v. Oh, 570 So.2d 1030 (Fla. 5th DCA 1990).
REVERSED AND REMANDED for reconsideration of the support and insurance obligation consistent with this opinion.
PETERSON, C.J., and ANTOON, J„ concur.

. The record indicates that appellee may have permitted the license to expire, but there appears to be no impediment to having the license renewed. Perhaps rehabilitative alimony should be considered in this regard.