698 So.2d 1272 (1997)
James C. LEDBETTER, former husband, Appellant,
v.
Kathi B. BELL, f/k/a Kathi B. Ledbetter, Appellee.
No. 96-1643.
District Court of Appeal of Florida, Fourth District.
August 13, 1997.
Rehearing and Clarification Denied October 8, 1997.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellant.
Peter Ticktin of Peter Ticktin & Associates, P.A., Boca Raton, for appellee.
STEVENSON, Judge.
In this case, the former wife sought to have the trial court impute income to the husband, a licensed medical doctor, who was pursuing a lengthy post-graduate fellowship program. The trial court initially determined that the husband was underemployed and imputed income to him. In the first appeal, we remanded this cause for the trial court to determine whether the husband's underemployment was "voluntary" within the meaning of Florida Statutes Section 61.30.[1] That statutory provision allows the trial court to impute income to a parent when calculating support payments, but only if the parent is voluntarily underemployed. In Ledbetter I, this court established a two-factor test for determining whether the underemployment due to a parent's pursuit of additional education was "voluntary." 658 So.2d at 1148. The trial court was required to "[1] balance the needs and desires of the supporting parent to enhance his or her career *1273 [2] against the current needs of the former spouse or minor children for support." Id. On remand, the trial court applied this test and again concluded that the husband was in fact voluntarily underemployed such that income should be imputed. The husband now appeals the order entered on remand.
While this appeal was pending, the Florida Supreme Court decided that it is unnecessary to determine whether the reduction in a parent's income due to the pursuit of additional education is voluntary or involuntary because in almost all cases the decision will be voluntary. Rather, the court formulated a simplified test; that is, whether the temporary reduction in income will be in the best interests of the support recipients. Overbey v. Overbey, 698 So.2d 811, 815 (Fla. 1997).[2] If the temporary reduction in income is not in the best interests of the support recipients, the parent will not be entitled to a corresponding reduction in support payments. Id. We conclude that when the analysis prescribed by Overbey is applied to the trial court's order on remand, the order must be affirmed because the trial court did indeed predicate its findings on the best interests of the children. The trial court, in its written order, focused primarily on the fact that the children in this case, because of their ages, would never benefit from the husband's prolonged educational pursuits. Thus, the trial court concluded that it was appropriate to impute income to the husband. We further conclude that there was sufficient competent testimony in the record to support the amount of income which was imputed to the husband.
Accordingly, the final order on review is AFFIRMED.
DELL, J., concurs.
COSTELLO, DEDEE S., Associate Judge, dissents with opinion.
COSTELLO, DEDEE S., Associate Judge, dissenting.
The former husband appeals from an order increasing his child support obligation after imputing income to him. I would reverse and respectfully dissent from the majority's holding.
This is the second occasion we have reviewed this case. See Ledbetter v. Bell, 658 So.2d 1146 (Fla. 4th DCA 1995), for the facts. We remanded to the trial court to determine whether it would be appropriate to impute income to the husband during the two years of his speciality fellowship.
Good faith is the question here. Only if special circumstances exist can a trial court impute income in an amount which exceeds the largest sum ever earned by a child support payor.
The rules allowing imputation of income exist to protect the needs of minor children for support if a parent voluntarily reduces income.
The trial court did not make a specific finding that the husband was acting in bad faith. The record establishes that since the final judgment dissolving the parties' marriage, the husband made regular increases in child support payments whenever his income increased. He based the voluntary payments on the child support guidelines. It was only when he began the fellowship program and, following the child support guidelines, reduced the payments by $100 per month that the former wife moved to modify the payments requesting a substantial increase.
In Overbey v. Overbey, 698 So.2d 811 (Fla. 1997), four years after agreeing to the payment of child support, the father moved for a reduction in child support based on his voluntary, unilateral decision to attend law school. No bright line rule was established and trial judges are required to make a case by case determination of whether a reduction would be in the child's best interest. In the instant case not only was a reduction denied, child support was actually increased to the highest level ever required. The children's best interest *1274 would not allow a reduction of the child support under Overbey but also, under the circumstances, does not require a dramatic increase.
I would therefore, reverse the finding of the trial judge which imputed earnings of $86,000 to the father since the most he ever earned was $49,000. I would hold that the former husband acted in good faith in accepting the fellowship and that there are no special circumstances to impute income in an amount he never came close to earning in his lifetime. I would further remand with directions to reinstate child support owed from April 1994 to July 1995 based on the amount he paid while earning $49,000. After July 1995, child support should be calculated on his actual earnings with his actual deductions.
NOTES
[1] See Ledbetter v. Bell, 658 So.2d 1146 (Fla. 4th DCA 1995)(hereinafter Ledbetter I).
[2] The court in Overbey disapproved the decision in Ledbetter I only to the extent that it relied on a "voluntary/involuntary rather than best interests analysis to justify or deny a requested reduction in child support payments." 698 So.2d at 815.