800 So.2d 743 (2001)
Brandye Denise PRIBBLE, Appellant,
v.
Jay PRIBBLE, Appellee.
No. 5D01-882.
District Court of Appeal of Florida, Fifth District.
December 14, 2001.
*744 Robyn Bufford-Bennitt, Of Counsel: Bennitt & Bennitt, Birmingham, AL, for Appellant.
Kimberly A. Schulte, Leesburg, for Appellee.
COBB, J.
On this appeal, we affirm all points raised by the former wife with the exception of one which we feel merits discussion: whether the lower court erred in imputing income to the former wife for purposes of child support.
A final judgment of dissolution of marriage was rendered on February 21, 2001. At the time of trial the husband was age *745 36 and the wife was age 26. There were three minor children born of the marriage with the oldest being 7, the middle child being 4 and the youngest child almost 3 years old. The court found both parents to be fit and proper parents and awarded primary residential custody to the husband.
The husband had approximately six jobs during the marriage and the wife had ten. The most money ever made by the wife was $32,000 per year working for Chili's Restaurant. She was an assistant manager at the time. Apparently, the wife had started out as shift day worker at Wendy's and had been promoted to assistant manager. She quit Wendy's, was hired by Chili's, and participated in an assistant manager training program. The wife is a high school graduate and claimed that she had been making $25,000 a year on average at Wendy's. She also indicated she wanted to get out of the fast food industry.
At the time of trial, the wife was attending community college on a part-time basis attempting to receive a degree in English and eventually wished to go to law school. The wife conceded that it would take four or five years to get the college degree but that she was almost a sophomore.
At one point during the testimony, the court inquired of the wife:
COURT: Ma'am, and I don't mean to offend you in any way, but did you ever take the SAT and do you havehave you got some testing background that would lead us to believe that you may have a successful career opportunity in the legal profession? I mean, I don't think you can just score average SATs and go to a community college and anticipateI'm sure there's an exception to the rule, but that is usually a pretty intellectually demanding type of situation.
PRIBBLE: Right.
COURT: So, I mean, have you looked into all that? Is it a realistic occupation?
PRIBBLE: It is a realistic occupation.
COURT: Well, what was your SAT scores, Ma'am?
PRIBBLE: I did not take the SAT. I did take the ACT, and I made in the high 20s on the ACT. And I have not taken the SAT test.
COURT: You're telling me you think you could go in and get a job at Wendy's for twenty-five thousand dollars a year gross right now?
PRIBBLE: Absolutely.
COURT: You left on good terms with Wendy's. It wasn't a
PRIBBLE: I did.
COURT:firing or theynothing like that?
PRIBBLE: No. I left on good terms with Wendy's.
COURT: So I assume that if you could get a job with Wendy's, you could probably get a job with McDonald's, Burger King, Denny's
PRIBBLE: I could.
COURT:Steak-n-Shake, and maybe back into the Chili's, or the Olive Gardens, or the Red Lobsters.
Do you think you could get into those places, too, into management?
PRIBBLE: I could, but the hours you have to work so many required hours per week, I could not attend school and still work and have any future.
I mean I don't want to be a fast food or a restaurant manager for the rest of my life. I want to makeI want to make real money. I mean, I don't know why I can't go to school and become an attorney and work part-time now, because *746 once I get my English degree I can teach school and attend law school at night.
(T. 53-60).
At the end of the testimony, the court found that the wife was capable of earning $25,000 a year at Wendy's and found that her objective was not "very realistic":
Her objective, I don't see to be very realistic, one to another, and she has three children to support, and they need to be the primary responsibility. So I think she is intentionally not earning what she is capable of earning, and she's capable of earning $25,000.00 a year gross.
According to the wife her actual income was $9,216.00 gross per year working part-time.
In determining child support the court may impute income to a party according to the party's earning capacity rather than just considering income. Income will be imputed to an underemployed parent when such employment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupation qualifications, and prevailing earnings level in the community. The court's discretion to impute income is not, however, unlimited. In determining the amount of income to impute to a party the court does not necessarily have to impute the amount of income the party would earn by his or her best efforts to gain employment equal to the parties' capabilities. Normally, according to the plain language of section 61.30(2)(b), Florida Statutes, the only finding required for imputation of income would be a finding that the parent is voluntarily unemployed or underemployed.
In Overbey v. Overbey, 698 So.2d 811 (Fla.1997), the court found that a downward modification of child support for education enhancement should be ordered only if the modification is found to be in the best interest of the child or children. The Overbey court noted that the issue of whether a parent's decision to return to school was voluntary had created a significant amount of confusion among the district courts and decided that the question should not be whether the reduction was voluntary but instead, the focus should be on whether the temporary reduction would be in the best interest of the recipients or the children.
Overbey indicated that a court may enter an order modifying child support payments when the modification is found to be necessary in the best interest of the child or when there is a substantial change of circumstances. § 61.13(1)(a), Fla. Stat. In Ledbetter v. Bell, 698 So.2d 1272 (Fla. 4th DCA 1997), the former wife sought to have the trial court impute income to the husband, a licensed medical doctor who was pursuing a lengthy post-graduate fellowship program. In Ledbetter, the appellate court noted that the trial court in its written order had focused primarily on the fact that the children in that case, because of their ages, would never benefit from the husband's prolonged educational pursuits. Thus, the trial court concluded that it was appropriate to impute income to the husband.
Pursuant to section 61.13(1)(a), Florida Statutes, in a proceeding for dissolution of marriage, the court may at any time order either or both parents who owe a duty of support to a child to pay support in accordance with the guidelines in section 61.30. While it is arguable that Overbey is limited to modification of child support *747 situations, the better position is that the lower court should not apply section 61.30(2)(b) at all in an initial determination of child support if it determines that a party's reduction in income due to educational pursuits will ultimately benefit the minor children of the marriage.
In any event, section 61.30(11)(a)(11) permits the court to adjust minimum child support awards of either or both parents if needed "to achieve an equitable result."
Accordingly, we reverse and remand with instructions to the trial court to determine whether the wife's educational pursuits are in the best interest of the three minor children.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GRIFFIN and PLEUS, JJ., concur.