819 So.2d 863 (2002)
Michael L. COCHRAN, Appellant,
v.
Tracy O. COCHRAN, Appellee.
No. 3D01-1505.
District Court of Appeal of Florida, Third District.
May 29, 2002.
Greenman & Manz and David L. Manz, Marathon, for appellant.
Rogers, Morris and Ziegler and Mark F. Booth, Fort Lauderdale, for appellee.
*864 Before JORGENSON and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Michael Cochran, the former husband, appeals from a final judgment of dissolution of marriage. Tracy Cochran, the former wife, cross appeals. For the following reasons, we affirm in part and reverse in part.
We affirm the award of permanent alimony. The trial court made the requisite findings under section 61.08, Florida Statutes (1997). Those findings are supported by competent substantial evidence in the record, including the finding that the husband is voluntarily underemployed. Accordingly, the trial court properly imputed income to the former husband. See, e.g., Arouza v. Arouza, 670 So.2d 69, 71 (Fla. 3d DCA 1995) ("It is well settled that a trial court, who has made a finding that a party is voluntarily unemployed or underemployed, may properly impute income to that party based upon that party's demonstrated earning capacity.").
However, we agree with the former wife on cross appeal, and the former husband properly concedes, that the wife is entitled to prejudgment interest on the temporary alimony arrearage. See Warner v. Warner, 692 So.2d 266, 270 (Fla. 5th DCA 1997). We therefore reverse the denial of the former wife's request for prejudgment interest.
We also reverse the award of attorney's fees to the former wife as the distribution leaves the parties on roughly equal financial footing. See Cortina v. Cortina, 461 So.2d 964 (Fla. 3d DCA 1984) ("Because... the effect of the final judgment is to place the wife in a financial position at least equal and likely superior to the appellant, it was error to assess any of her attorney's fees against him."); Golden v. Golden, 410 So.2d 945 (Fla. 3d DCA 1982); Schiller v. Schiller, 625 So.2d 856, 862 (Fla. 5th DCA 1993) ("[W]hen a dissolution decree leaves the parties in substantially equal financial circumstances, it is an abuse of discretion to award one party attorney's fees against the other.")
We find no merit in the parties' remaining points on appeal. Accordingly, the final judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.