JACOBUS, J.
The Department of Revenue (DOR) appeals the final judgment directing Llia Pipkin, who is the non-custodial parent of the minor, to pay child support for her daughter. DOR claims the hearing officer erroneously imputed income to the unknown father who is not a party to the child support proceeding. We agree.
DOR filed a petition on behalf of Ac-quanetta Bufford, the child’s relative caretaker, seeking support and health insurance for the minor child. The petition alleged that the mother was earning minimum wage or had the ability to be employed earning minimum wage. Therefore, it requested the mother pay current child support as well as retroactive child support and maintain health insurance for the child.
The mother was served with the petition, but she failed to respond or attend the hearing. The hearing officer expressed concern that DOR had not attempted to identify the child’s biological father. DOR explained that the biological father’s identity was unknown, and the mother was uncooperative and refused to identify him. Accordingly, DOR presented the hearing officer with a guideline worksheet requiring the mother to pay 100% of the child support obligation. The hearing officer concluded that the statutory scheme[1] did not allow one parent to pay 100% of the child support, even when the other parent was unknown. Therefore, he imputed income to the unknown father and calculated the child support by using minimum wage for each parent. DOR appeals that decision.
In this case, there is no competent substantial evidence to support the imputation of income to the unknown father. Because there is no evidence regarding the biological father’s earnings or potential earnings, the finding of the hearing officer was improper. § 61.30(2)(b), Fla. Stat. (2009); Freilich v. Freilich, 897 So.2d 537, 543 (Fla. 5th DCA 2005) (explaining that in order to impute income to a parent, a court must include specific findings in the final judgment or the record must reveal competent substantial evidence supporting the decision). Since there is no evidence supporting imputation of income to the unknown father, the final judgment must be reversed and remanded for a recalculation using the information the court has regarding the mother. No income should be imputed to the unknown father, and the mother will be responsible for 100% of the support obligation.
REVERSED and REMANDED with directions.
MONACO, C.J. and PALMER, J., concur.

. § 61.30, Fla. Stat. (2009).