PER CURIAM.
Thomas Fischer, the former husband, timely appeals the final judgment dissolving his marriage to Kimberly Fischer, the former wife. He challenges the amount of income the trial court imputed to him for purposes of calculating child support.[1] We affirm, concluding the trial court’s findings were supported by competent substantial evidence.
The trial court imputed income to Mr. Fischer in the amount of $60,000 annually for purposes of calculating his child support obligation. Mr. Fischer does not challenge the trial court’s decision to impute income, but rather the amount of income imputed. He concedes the ability to earn $40,000 annually. However, he argues there was simply no evidence to support the additional $20,000 imputed by the trial court. We disagree.
In June 2007, a month before he filed for divorce, Mr. Fischer averred on a loan application that he earned an annual salary of $85,000 and that he had additional rental income from various properties which brought his total reported income to $145,000 annually. At trial, Mr. Fischer admitted that he had recently been doing some work involving real estate and computers. Mr. Fischer had a history of earning between $68,000 and $100,000 annually in these areas.
Moreover, Mr. Fischer was owed compensation for his past work for Cyeore, the engineering firm he had owned with Mrs. Fischer. The final judgment ordered that this past-due compensation be paid to Mr. Fischer. Pursuant to the final judgment, Mr. Fischer would also receive an interest in an undeveloped parcel of land which was unencumbered and worth well over *727 $400,000. The final judgment additionally awarded Mr. Fischer his share of the net proceeds from certain of the parties’ other properties, which would likely total around $100,000.
Finally, we note that Mr. Fischer came into the marriage in 2008 with around $1 million in cash and real estate. A year after the separation, he estimated the (now marital) assets were worth around $1.8 million. It does not appear that the trial court considered this in reaching its decision, but it is mentioned here for its apparent relevance to Mr. Fischer’s proven ability to generate income and assets.
In view of the foregoing, we reject Mr. Fischer’s contention that the trial court should have imputed only $40,000 in annual income to him. There was competent substantial evidence to support the trial court’s conclusion that Mr. Fischer had the ability to earn an additional $20,000 from his real estate dealings, rental income, and past-due compensation from Cycore. Therefore, the trial court did not err by imputing $60,000 in annual income to Mr. Fischer. See Roth v. Roth, 973 So.2d 580, 590 (Fla. 2d DCA 2008) (“A court may impute income to a party who has no income or who is earning less than is available to him or her based on a showing that the party has the capacity to earn more by the use of his or her best efforts .... Before imputing income, the trial court must consider evidence concerning the party’s recent work history, occupational qualifications, and the prevailing earnings in the industry in which the party works.”); Freilich v. Freilich, 897 So.2d 537, 543 (Fla. 5th DCA 2005) (“Specifically, as to imputation of income, if the trial court does not include specific findings in the final judgment, the record must reveal competent, substantial evidence to support the trial court’s decision.”).
In conclusion, Mr. Fischer’s argument is without merit and, finding no reversible error, we affirm the final judgment.
AFFIRMED.
TORPY and EVANDER, JJ., concur.
JACOBUS, J., concurs and concurs specially with opinion.

. This is not the only argument Mr. Fischer makes, but it is tire only one that merits discussion.