IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RUFUS HUTCHINSON,

    Appellant,

v.                        CASE NO. 1D15-232

HATTIE P. HUTCHINSON,

    Appellee.

_____/

Opinion filed October 2, 2015.

An appeal from the Circuit Court for Alachua County.
Monica J. Brasington, Judge.

Stephen K. Johnson and Emily A. Snider of Law Offices of Johnson & Snider, PL, Gainesville, for Appellant.

Jonathan P. Culver of Jonathan P. Culver, P.A., Ocala, for Appellee.


ON MOTION FOR REHEARING

PER CURIAM.

    We deny the Former Husband's Motion for Rehearing, but we withdraw our previously issued opinion and substitute this opinion in its place.

Rufus Hutchinson ("Former Husband") appeals the final judgment of dissolution of marriage, challenging the trial court's alimony and attorney's fees and costs awards to Hattie P. Hutchinson ("Former Wife"), on several grounds. We reverse the award of attorney's fees and costs for the reasons stated below, but affirm the final judgment in all other respects without further discussion.

The trial court found that the parties enjoyed a relatively modest standard of living during their thirty-six-year marriage, except for the luxury vehicles they drove. The trial court adopted the parties' agreement as to equitable distribution, determined that the Former Husband's annual total income is $89,050 and the Former Wife's annual total income is $39,800, and awarded to the Former Wife $2,100 a month in alimony for twelve years. The trial court then ordered the Former Husband to pay $6,000 of the Former Wife's attorney's fees and costs. This appeal followed.

The trial court's award of attorney's fees is reviewed for an abuse of discretion and is controlled by section 61.16, Florida Statutes. Mitchell v. Mitchell, 141 So. 3d 1228, 1229 (Fla. 1st DCA 2014). The purpose of section 61.16 is "'to ensure that both parties will have a similar ability to obtain competent legal counsel'"; as such, the ultimate issue of fees and costs must be primarily based on the parties' respective financial circumstances. Broemer v. Broemer, 109 So. 3d 284, 290 (Fla. 1st DCA 2013) (quoting Rosen v. Rosen, 696 So. 2d 697, 699 (Fla.

2

1997), and explaining that "[t]he general standard for awarding attorney's fees and costs is the requesting spouse's financial need and the other spouse's ability to pay"). Where the parties are equally able to pay attorney's fees, the trial court abuses its discretion by requiring one spouse to pay the other's fees. Galligar v. Galligar, 77 So. 3d 808, 812-13 (Fla. 1st DCA 2011).

Where marital property has been equitably distributed and the parties' incomes have been equalized through an alimony award, the trial court abuses its discretion by awarding attorney's fees. Id. (reversing the award of attorney's fees to the former wife where "the trial court's order shows that the former husband's salary is $5,500 per month, that the former wife's net income is $1,033, and that the former wife will receive $3,500 per month in alimony" because "[a]fter the allocation of alimony from the former husband to the former wife, the former husband is in no better position to pay attorney's fees than the former wife is"); see also Cochran v. Cochran, 819 So. 2d 863, 864 (Fla. 3d DCA 2002) (reversing the attorney's fees award because the distribution left the parties "on roughly equal financial footing"); Lopez v. Lopez, 780 So. 2d 164, 166 (Fla. 2d DCA 2001) (reversing the award of attorney's fees to the wife "[b]ecause the parties' financial positions here were equalized through the award of alimony and equitable distribution of marital assets"); Kovar v. Kovar, 648 So. 2d 177, 179-80 (Fla. 4th DCA 1994) (finding that the trial court abused its discretion by awarding attorney's

fees and costs where "the parties were placed in substantially equal financial positions" after the equitable distribution and alimony award).

Here, the trial court equitably distributed the marital property pursuant to the parties' agreement, determined that the Former Husband's monthly total income is $7,420.83 and the Former Wife's is $3,316.66, and awarded to the Former Wife $2,100 in monthly alimony, thereby equalizing the parties' incomes. Because the final judgment left the parties in substantially the same financial positions and equally able to pay the fees and costs, the trial court abused its discretion by awarding attorney's fees and costs to the Former Wife. Accordingly, we reverse the award of attorney's fees and costs.

AFFIRMED in part; REVERSED in part.

ROBERTS, C.J., BENTON and LEWIS, JJ., CONCUR.