# Third District Court of Appeal

## State of Florida

Opinion filed February 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2676
Lower Tribunal No. 14-21488
_____


**Nelson Alvarez-Reyes,**
Appellant,

vs.

**Idia Fernandez-Gil,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Law Offices of Kenneth M. Kaplan and Kenneth M. Kaplan, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellee.


Before EMAS, C.J., and SALTER and FERNANDEZ, JJ.

PER CURIAM.

Nelson Alvarez-Reyes appeals a final judgment of dissolution of his marriage to Idia Fernandez-Gil. We affirm.

The record contains competent substantial evidence to support the trial court's determinations regarding Alvarez-Reyes' voluntary underemployment and imputation of income. See Cochran v. Cochran, 819 So. 2d 863, 864 (Fla. 3d DCA 2002) (holding: "It is well settled that a trial court, who has made a finding that a party is voluntarily unemployed or underemployed, may properly impute income to that party based upon that party's demonstrated earning capacity") (quoting Arouza v. Arouza, 670 So. 2d 69, 71 (Fla. 3d DCA 1995)); Gillette v. Gillette, 226 So. 3d 958, 961 (Fla. 4th DCA 2017) (describing the two-step process: "First, the court must conclude the termination of income was voluntary. Second, 'the court must determine whether the subsequent unemployment resulted from the spouse's pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received'") (internal citations omitted); Manfre v. Manfre, 189 So. 3d 197, 201 (Fla. 4th DCA 2016); Smith v. Smith, 737 So. 2d 641, 644 (Fla. 1st DCA 1999) (noting: "A trial court can impute income where a spouse has failed to use his or her best efforts to earn income" and "we shall not disturb any [such] ruling that is supported by the evidence and satisfies the general test of reasonableness"). See also Mata v. Mata, 185 So. 3d 1271, 1272-73 (Fla. 3d DCA 2016) (noting: "The Florida Supreme

2

Court and other district courts have suggested that a presumption arises from a spouse's historical earnings that supports a finding the spouse can continue to earn the same amount, absent evidence to the contrary") (internal citations omitted); Maddux v. Maddux, 495 So. 2d 863, 864 (Fla. 4th DCA 1986) (holding: "Where a former husband has an ability to earn if he so desires, the trial judge may impute an income to the husband according to what he could earn by the use of his best efforts to gain employment equal to his capabilities, and on that basis enter an award of alimony as if the husband were in fact earning the income so imputed).

We likewise affirm the trial court's award of permanent periodic alimony to Fernandez-Gil, which we review for an abuse of discretion. Canakaris v. Canakaris, 382 So. 2d 1197, 1201 (Fla. 1980) (holding: "Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds.") The final judgment evidences that the trial court thoughtfully considered and addressed each of the statutory factors enumerated in section 61.08(2)(a)-(j), Florida Statutes (2017), weighed Fernandez-Gil's need and Alvarez-Reyes' ability

to pay, and articulated the bases for its determinations. We find no abuse of discretion.[1]

Affirmed.

---

[1] We find no merit in the other issues raised on appeal and affirm without further discussion.